Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KRISTEN KOLB, an Individual,<br><br>                      Plaintiff,<br><br>   v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>                      Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $315,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Kristen Kolb, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Kristen Kolb, lives in Washington County, Oregon. Defendant is a public corporation incorporated in, and with a principle place of business, in Oregon. The OHSU Board of Directors, whose members are

appointed by the State Senate, governs the university. As a public corporation, it receives federal and state funding. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about December 13, 2023.

2.

At all material times, Plaintiff was a resident of Washington County, Oregon.

3.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

4.

Plaintiff worked as a Registered Nurse for approximately nine months at the Casey Eye Institute, without incident and with exclusively positive reviews. Plaintiff made approximately $76,000.00 annually, with a generous benefits package.

5.

Plaintiff has deeply held religious beliefs stemming from Catholicism and Christianity. She has a personal relationship with God, which is learned through reading the Bible with guidance and discernment from the Holy Spirit.

6.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

7.

In August of 2021, Defendant announced it would be implementing and enforcing a vaccine mandate in the workplace. Plaintiff was informed that those individuals with medical conditions or religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for religious and/or medical exceptions. On or about September 20, 2021, Plaintiff

submitted her request for a religious exception based on her religious beliefs. Plaintiff believes that the use of mRNA technology is not acceptable to God and would contaminate her blood. In addition, she could not take a COVID-19 vaccine that uses abortion-derived cell linings in testing, development or production, as God values children before they are born, and God's command is to not kill an innocent person.  Plaintiff further believes that the Holy Spirit directed her to not take the vaccine and that  receiving the vaccine would violate her sincerely held religious beliefs. Plaintiff's exception request was denied. She was placed on unpaid leave on or about October 19, 2021, and terminated on December 2, 2021.

7.

At the time of her termination, Plaintiff was approximately twenty weeks pregnant. She had found out shortly before her termination that her fetus had kidney disease. Plaintiff was referred to specialty care at OHSU for treatment. If she had not been terminated, Plaintiff would have enrolled in her OHSU employee provided healthcare for the birth of her child, and subsequent care. As it was, she was forced to pay for additional insurance premiums and out of pocket costs.

8.

In addition, Plaintiff's high stress levels, due to worrying about the COVID-19 vaccine mandate and her religious exception, plus her subsequent wrongful termination, may have contributed to her fetus's distress and abnormal development.

9.

Although Plaintiff was able to obtain other employment, she did not get protected maternity leave, works less hours, and she was paid less. The loss of her job and her need to find new employment caused emotional upset and stress.

12.

The Defendant has yet to explain why, in its view, after months of working without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable

health and safety risk necessitating her termination.

13.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. Plaintiff could have continued working with PPE and other measures, as she had been doing. Instead of providing accommodation, Defendant took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

14.

Because of the Defendant's unlawful termination of Plaintiff, Plaintiff has suffered economic loss and emotional distress.

## FIRST CLAIM FOR RELIEF

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act - 42 U.S.C. §2000e et seq.)**

20.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

21.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious beliefs.

22.

Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

23.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue

working with PPE and other measures, as was done for the two years before the imposition of the COVID-19 vaccine mandate.

24.

Instead of continuing the reasonable accommodation that was already in place and that would have allowed accommodation for Plaintiff's religious beliefs, the Defendant engaged in a series of adverse employment actions, culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above, was a proximate cause of Plaintiff's wrongful termination.

25.

As a result of Defendant's unlawful conduct, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $63,000.00, and for non-economic damages of $252,000.00 in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

//
//
//
//
//
//
//
//
//
//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $315,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 22nd day of December, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff